TERESA MOLINA AVILÉS, ETC., demandante, *v.* SUPERMERCADO AMIGO, INC., y OTROS, demandados; COLÓN BROTHERS, INC., demandante contra tercero y recurrido, CONSERVAS CARBALLO, S.A., tercera demandada-peticionaria.

*Número:* CE-86-242     *Resuelto:* 30 de junio de 1987

332

*Rafael L. Ydrach Yordán*, abogado de la peticionaria; *Gonzalo J. Barreras Varona*, de *Abruña, Barreras, Cruz, Ojeda & Morales*, abogado del recurrido.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

En esta ocasión debemos determinar la corrección del procedimiento utilizado por el tribunal de instancia para resolver una moción para desestimar una demanda contra tercero por falta de jurisdicción sobre la persona de un tercero demandado no domiciliado de Puerto Rico.

El 7 de mayo de 1984 los demandantes presentaron una acción en el Tribunal Superior, Sala de Carolina, en la cual alegaron haber sufrido daños cuando el codemandante Emilio Alvarado Molina se tragó un pedazo de lata al ingerir una sopa de calamares. La sopa la preparó su madre, la codemandante Teresa Molina Avilés, con calamares marca Coloso. Incluyeron como demandados a Supermercados Amigo, Inc., el vendedor del producto, varias compañías aseguradoras, Raizor Distributor, Inc., importador del producto, Conservas Carballo, S.A. (en adelante Conservas), una empresa española que se dedica a enlatar alimentos y exportarlos y Colón Brothers, Inc. (en adelante Colón Brothers), de quien se alega distribuyó a Supermercados Amigo, Inc. el producto que causó el daño. En total se reclamaron cuatrocientos cincuenta mil dólares ($450,000).

Luego de una serie de trámites procesales, Conservas presentó moción de desestimación por falta de jurisdicción sobre su persona a la cual no se opusieron los demandantes.[1] El tribunal la concedió. Así las cosas, Colón Brothers presentó una demanda de tercero para traer nuevamente a Conservas al pleito.[2] Alegó que ésta era la única responsable de los daños por haber sido la que "preparó y envasó el producto en la forma en que los mismos

---

[1] Los demandantes no se opusieron a esta moción, a pesar del término que se les concedió para contestar.

[2] Esta alegación se presentó con permiso del tribunal luego de celebrarse la conferencia con antelación al juicio.

fueron vendidos a los demandantes".(3) *Exhibit* 5, pág. 16. Conservas, a su vez, presentó moción para desestimar la acción por carecer el tribunal de jurisdicción sobre su persona al no existir los contactos mínimos necesarios con el foro. Art. II, Sec. 7 de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1; Décimocuarta y Quinta Enmienda de la Constitución de Estados Unidos, y Regla 4.7 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III). Alegó que es una compañía extranjera con oficinas en España; que no tiene oficinas ni agentes en el Estado Libre Asociado de Puerto Rico; que no paga contribuciones aquí, y que tampoco tiene listado telefónico para promover anuncios o solicitudes de negocios en la isla. En apoyo acompañó una declaración jurada del Sr. Manuel Gómez Carballo, Presidente de Conservas.(4)

Colón Brothers presentó oposición al reclamo de Conservas, fundamentándose en los nexos contractuales que tiene con la empresa ibérica. Acompañó su moción con varios documentos entre ellos: algunos conocimientos de embarque, comunicaciones por cable ultramarino entre las dos empresas(5) y reseñas de periódicos locales sobre la

---

(3) En los autos consta una fotografía de la lata marca Coloso. En dicho envase aparece impreso lo siguiente:

"Packed for: Colón Brothers, Inc., San Juan, Ponce, Puerto Rico 00731."

(4) En esta declaración jurada expresa lo siguiente:

" ... que 'Conservas Carballo, S.A.' no hace negocios ni hace ventas de por sí o por agente de sus productos en la jurisdicción de Puerto Rico ni de su Estado Libre Asociado; que la Sociedad no posee licencia en, ni establecidas en la Isla, ni ha designado ni ha tenido ni tiene agente para representarla localmente; que no ha ejercitado por sí o por agente ningún acto en Puerto Rico del cual pueda emanar responsabilidad civil; que 'Conservas Carballo, S.A.', no posee bienes en Puerto Rico, tampoco tiene teléfono ni listados telefónicos para promover anuncios o solicitudes de negocios en Puerto Rico; que igualmente no tiene ni ha tenido cuentas bancarias en Puerto Rico ni paga contribuciones al Gobierno de Puerto Rico, ni a ninguna subdivisión del mismo. Además no tiene en Puerto Rico agente alguno para recibir emplazamientos judiciales a su nombre." *Exhibit* 8, pág. 37.

(5) Esta comunicación de Conservas a Colón Brothers expresa en parte:

relación comercial entre ambas. Las partes no solicitaron vista para presentar prueba sobre los contactos mínimos de Conservas con el foro, y el tribunal de instancia no las citó para esos fines.

El tribunal, de acuerdo con las alegaciones, los documentos, declaraciones juradas y las demás constancias de los autos, declaró sin lugar la moción de desestimación. De esta resolución Conservas recurre ante nos. Alega que el tribunal a quo erró al determinar que tenía jurisdicción sobre ella.

Le requerimos a Colón Brothers que mostrara causa por la cual "a tenor con lo resuelto en *Ind. Siderúrgica* v. *Thyssen Steel Caribbean,* 114 D.P.R. 548 (198[3)], no se deba revocar la resolución del tribunal de instancia ... y devolver el caso para que celebre vista evidenciaria y luego determine si existen ... contactos mínimos que le permitan ejercer jurisdicción sobre la persona de [la] ... tercer[a] demandad[a peticionaria] Conservas Carballo, S.A.". Resolución de 8 de mayo de 1986. El recurrido compareció, pero en su escrito se ha limitado a discutir la existencia de contactos mínimos a base de *Ind. Siderúrgica* v. *Thyssen Steel Caribbean,* 114 D.P.R. 548 (1983), y *A.H. Thomas Co.* v. *Tribunal Superior,* 98 D.P.R. 883 (1970). No discutió el aspecto procesal indicado en nuestra resolución.

---

"COLON BROTHERS SUC Y SU PROVEEDOR CONSERVAS CARBALLO S.A. APRUEBAN CONJUNTAMENTE REALIZAR UNA CAMPAÑA PUBLICITARIA DE LAS CONSERVAS 'COLOSO' DENTRO DEL PROGRAMA DE TELEVISION 'WIDE WORLD OF SPORT' DURANTE 8 SEMANAS A PARTIR DEL 7 DE FEBRERO DE 1983.

"DEL PRESUPUESTO INICIAL DE 20000 DOLARES, CONSERVAS CARBALLO SE COMPROMETE AL PAGO DE 5532 DOLARES UNA VEZ FINALIZADA LA MISMA Y COLON BROTHERS EL RESTO.

FIRMADO                      FIRMADO
COLON BROTHERS INC.         CONSERVAS CARBALLO, S.A."
Ap., pág. 34.

## II

■ En *Ind. Siderúrgica* v. *Thyssen Steel Caribbean*, supra, pág. 556, expresamos:

> ... el tribunal de instancia decidió la moción de desestimación de Florida Steel sin celebrar vista, y sin que las partes tuvieran oportunidad de demostrar la validez de sus planteamientos. De hecho, el tribunal descansó en la suficiencia de las alegaciones para establecer la jurisdicción sobre la persona de Florida Steel. Al así hacerlo, incidió. *Cuando menos debió requerir que la demandante demostrara que cuenta con prueba suficiente para establecer los requisitos necesarios para conferir jurisdicción in personam sobre la demandada y así garantizar su derecho a un debido procedimiento de ley.* (Énfasis suplido.)

Luego, en *Sterzinger* v. *Ramírez*, 116 D.P.R. 762 (1985), citando a *Ind. Siderúrgica* v. *Thyssen Steel Caribbean*, supra, dijimos que "[n]uestra expresión se debió a que existía una controversia de hechos sobre si la demandada había realizado o no transacciones de negocios en Puerto Rico y resolvimos que debió permitírsele presentar evidencia para probar su alegación. En [el caso *Sterzinger* v. *Ramírez*, supra] no era necesaria la celebración de vista por no existir controversia sobre los hechos que se alega[ba] conf[erían] jurisdicción al tribunal. Esto surg[ía] del propio conocimiento del juez que [intervino] en el caso y *del expediente del mismo*". (Énfasis suplido.) Ibíd., pág. 788. En *Sterzinger* v. *Ramírez*, supra, para efecto de la reconvención, el demandante reconvenido se había sometido a la jurisdicción del tribunal mediante la presentación de la demanda. Con el beneficio de esas expresiones examinamos la controversia en el caso de autos.

■ Cuando se intenta traer al caso a una parte no domiciliada en Puerto Rico conforme nuestra Regla 4.7 de Procedimiento Civil de 1979, *supra*, y este hecho se alega

en la demanda, es aconsejable que la parte promovente de la acción también alegue hechos suficientes de los cuales se pueda inferir razonablemente que existe jurisdicción sobre la persona del promovido, a tenor con los requisitos procesales y constitucionales.([6]) Véanse: *Naartex Consulting Corp.* v. *Watt*, 722 F.2d 779, 787-788 (D.C. Cir. 1983); *Greenspun* v. *Del E. Webb Corp.*, 634 F.2d 1204, 1208 n. 5 (9no Cir. 1980); *McLean* v. *Church of Scientology of Cal.*, 538 F. Supp. 545, 547 (M.D. Fla. 1982); 4 *Wright & Miller, Federal Practice and Procedure* Sec. 1068 (1987).

Al plantearse la defensa de falta de jurisdicción sobre la persona, ya fuere en la contestación como defensa afirmativa o mediante moción para desestimar, le corresponde al que alega la jurisdicción probarla. El tribunal, por su parte, tiene una gran discreción sobre cómo proceder. Reglas 10.2 y 10.4 de Procedimiento Civil de 1979, *supra*. Al ejercer esta discreción deberá balancear la necesidad de determinar la suficiencia de la defensa con prontitud para así evitar una costosa litigación y promover la rápida solución de la controversia contra la deseabilidad de que se celebre una vista evidenciaria para así poder tener ante sí todos los elementos necesarios para llegar a una determinación final sobre la falta de jurisdicción sobre la persona. Además, debe ponderar la posibilidad que la controversia jurisdiccional esté tan entrelazada con los méritos del caso que posponer su decisión sea aconsejable.([7])

---

([6]) La parte promovente de la acción debe ser cuidadosa al alegar los hechos correctamente conforme su investigación. Los abogados deben recordar que la Regla 9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, les impone unas obligaciones con relación a las alegaciones y demás escritos que ellos firmen. Véase *Polanco* v. *Tribunal Superior*, 118 D.P.R. 350 (1987).

([7]) 5 *Wright & Miller, Federal Practice and Procedure* Sec. 1373, págs. 709-711 (1987).

Ahora bien, si el demandado decide impugnar la jurisdicción sobre su persona mediante la presentación de una moción para desestimar al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* el tribunal puede: (1) simplemente evaluarla tomando en consideración sólo las alegaciones de la demanda, o (2) si se acompañan documentos y declaraciones juradas, analizar éstos conjuntamente con las alegaciones y los documentos y contradeclaraciones juradas que presente el demandante en su oposición, o (3) señalarla para vista preliminar evidenciaria o (4) posponer la cuestión para decidirla después de la vista en su fondo al resolver el caso.

Si opta por lo primero deberá dar como ciertos los hechos bien alegados en la demanda, demanda contra tercero, demanda contra coparte, o reconvención, según fuere el caso. *Cervecería Corona, Inc.* v. *Tribunal Superior,* 99 D.P.R. 698 (1971); *Izquierdo* v. *Izquierdo,* 80 D.P.R. 71, 79 (1957); *Sierra, Sec. Trabajo* v. *Bird,* 78 D.P.R. 170, 174 (1955); *Sacarello* v. *Junta de Retiro,* 75 D.P.R. 267, 274 (1953); también véanse: *Clemente* v. *Dpto. de la Vivienda,* 114 D.P.R. 763, 771 (1983), y *Boulon* v. *Pérez,* 70 D.P.R. 988 (1950). Los hechos que no estén bien alegados, *First Fed. Savs.* v. *Asoc. de Condómines,* 114 D.P.R. 426, 431–432 (1983); *González* v. *Hawayek,* 71 D.P.R. 528 (1950), y las conclusiones de derecho incluidas en las alegaciones del promovente no gozan de igual trato. Bajo estas circunstancias, el demandante derrota la moción si demuestra que se han alegado hechos suficientes que, prima facie, de probarse, confieren al tribunal jurisdicción sobre la persona del no domiciliado a base de la regla de largo alcance, Regla 4.7 de Procedimiento Civil de 1979, *supra,* y que se satisfacen los requisitos mínimos de debido procedimiento de ley de las Constituciones de Puerto Rico y Estados

Unidos. Véanse: *Naartex Consulting Corp.* v. *Watt*, supra; *Nelson By Carson* v. *Park Industries, Inc.*, 717 F.2d 1120, 1123 (7mo Cir. 1983), *cert.* denegado, 104 S. Ct. 1278 (1984); *Visual Science* v. *Integrated Communications*, 660 F.2d 56, 58 (2do Cir. 1981); *Welsh* v. *Gibbs*, 631 F.2d 436, 438–439 (6to Cir. 1980), *cert.* denegado, 450 U.S. 981 (1981); *Marine Midland Bank, N.A.* v. *Miller*, 664 F.2d 899, 904 (2do Cir. 1981); *Aaron Ferer & Sons Co.* v. *Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8vo Cir. 1977); *Jetco Electronic Industries, Inc.* v. *Gardiner*, 473 F.2d 1228, 1232 (5to Cir. 1973); *O'Hare International Bank* v. *Hampton*, 437 F.2d 1173, 1176 (7mo Cir. 1971); 4 *Wright & Miller*, supra, Sec. 1068[8]; 2A *Moore's Federal Practice*, 2da ed., Nueva York, Matthew Bender, 1986, Sec. 12.07, pág. 12–55 y ss.

De otra parte, bajo la segunda alternativa, si con la moción de desestimación se acompañan documentos y declaraciones juradas, el demandante para prevalecer tendrá que presentar documentos y contradeclaraciones juradas que acrediten, prima facie, hechos que demuestren que hay jurisdicción sobre la persona del demandado no domiciliado. *Visual Science* v. *Integrated Communications*, supra; *O'Hare International Bank* v. *Hampton*, supra; *Marine Midland Bank, N.A.* v. *Miller*, supra; *Nelson By Carson* v. *Park Industries, Inc.*, supra; *Welsh* v. *Gibbs*,

---

[8] Estos autores lo expresan de la siguiente forma: "It has been held that when plaintiff is seeking to bring a defendant into court under a long-arm statute, he must state sufficient facts in the complaint to support a reasonable inference that defendant can be subjected to jurisdiction within the state. Since this often requires a showing that a tort has been committed or a contract not performed, plaintiff frequently is obliged to make a presentation that involves the merits of the action in the context of trying to establish jurisdiction. To avoid precipitating too extensive an investigation of the merits at this stage of the litigation, only a prima facie showing is required on a jurisdiction motion." (Escolios omitidos.) 4 *Wright & Miller*, supra, Sec. 1068, págs. 344–345.

supra; *McLean* v. *Church of Scientology of Cal.*, supra; *Sultanik* v. *Cobden Chadwick, Inc.*, 94 F.R.D. 123, 124 (E.D. N.Y. 1982); *Williams* v. *Vick Chemical Company*, 279 F. Supp. 833, 837 (S.D. Iowa 1967); 5 *Wright & Miller*, supra, Sec. 1351, pág. 565; 2A *Moore's Federal Practice, op. cit.*, págs. 12–55 a 12–56.(9)

■ Bajo cualesquiera de estas dos alternativas, si el tribunal determina que prima facie se ha establecido el requisito de jurisdicción sobre la persona del demandado, la moción de desestimación se derrota. Esto, sin embargo, no releva al promovente de la acción de demostrar, mediante la preponderancia de la prueba, en el juicio en su fondo, que dicha jurisdicción existe. *Visual Science* v. *Integrated Communications*, supra; *Marine Midland Bank, N.A.* v. *Miller*, supra; 2A *Moore's Federal Practice, op. cit.*

■ Si el tribunal decide, motu proprio o a solicitud de parte, celebrar una vista preliminar evidenciaria sobre la controversia jurisdiccional, Regla 10.4,(10) el demandante entonces viene obligado a establecer, mediante la preponde-

---

(9) Este tratadista expone que: "If the court proceeds upon written submissions, the party asserting jurisdiction need only make a prima facie showing that jurisdiction exists; all of that party's allegations of jurisdictional facts are presumed true and all factual disputes are decided in its favor." (Escolios omitidos.)

(10) La Regla 10.4, similar a la 12(d) federal, dispone:

"Las defensas enumeradas del (1) al (6) en la Regla 10.2, ya se formularen mediante alegación o por moción, la moción para que se dicte sentencia mencionada en la Regla 10.3, y la moción eliminatoria mencionada en la Regla 10.6, *se decidirán antes del juicio*, a menos que el tribunal ordene que la resolución de las mismas se posponga hasta el juicio." (Énfasis suplido.) 32 L.P.R.A. Ap. III.

La Regla 12(d) federal a su vez dispone:

"(d) *Preliminary Hearings.* The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule *shall be heard and determined before trial* on application of any party, unless the court orders that

rancia de la prueba presentada, que existe jurisdicción sobre la persona del no domiciliado conforme las disposiciones constitucionales de debido procedimiento de ley y nuestra regla de largo alcance. *Marine Midland Bank, N.A.* v. *Miller,* supra; *O'Hare International Bank* v. *Hampton,* supra; *Visual Science* v. *Integrated Communications,* supra; *Welsh* v. *Gibbs,* supra;  *Sultanik* v. *Cobden Chadwick, Inc.,* supra; 2A *Moore's Federal Practice, op. cit.* En esta etapa inicial del caso y para dilucidar la cuestión de jurisdicción sobre la persona se puede solicitar descubrimiento de prueba limitado a la controversia jurisdiccional. Véanse: *Visual Sciences* v. *Integrated Communications,* supra; *Sultanik* v. *Cobden Chadwick, Inc.,* supra. Cuando la determinación jurisdiccional pueda disponer de todo o parte del caso, es aconsejable la celebración, lo antes posible, de la vista evidenciaria conforme las Reglas 10.4, 38.2 y 43.5 de Procedimiento Civil de 1979, *supra. Cf. Vellón* v. *Squibb Mfg., Inc.,* 117 D.P.R. 838 (1986).([11]) Luego de esta vista evidenciaria, la determinación del tribunal, que existe jurisdicción sobre la persona del demandado, releva al demandante de tener que probar este hecho en el juicio en su fondo. Si por el contrario,

---

the hearing and determination thereof be deferred until the trial." (Énfasis suplido.) *Federal Civil Judicial Procedure and Rules,* según enmendadas el 1ro de mayo de 1987.

La diferencia entre ambas reglas es mínima. La regla federal parece enfatizar más que la nuestra la necesidad de una vista. Esa apariencia no lleva consigo una interpretación distinta, pues en varias ocasiones hemos enfatizado la necesidad de celebrar esta vista evidenciaria. *Ind. Siderúrgica* v. *Thyssen Steel Caribbean,* 114 D.P.R. 548 (1983); *Sterzinger* v. *Ramírez,* 116 D.P.R. 762 (1985).

([11]) En la jurisdicción federal para determinar si procede la vista preliminar al amparo de la Regla 12(d) Federal, se toman en consideración, por analogía, los criterios de la Regla 42(b) Federal, equivalente a nuestra Regla 38.2, sobre juicio por separado de cuestiones litigiosas independientes. 5 *Wright & Miller,* supra, Sec. 1373, pág. 715; 2A *Moore's Federal Practice,* 2da ed., Nueva York, Matthew Bender, 1986, Sec. 12.16, págs. 12–118 a 12–119

el tribunal determina que no existe jurisdicción deberá desestimar la acción.

## III

En el caso de autos la tercera demandada presentó oportunamente moción para desestimar acompañada con una declaración jurada del presidente de Conservas. Colón Brothers por su parte presentó una contradeclaración jurada y varios documentos para acreditar la existencia de jurisdicción sobre la persona. El tribunal no celebró vista evidenciaria. Analizadas las alegaciones, los documentos y declaraciones juradas acompañadas con las mociones, resolvemos que el foro de instancia no erró al denegar la moción para desestimar por falta de jurisdicción sobre la persona de Conservas.

Al igual que en *Ind. Siderúrgica* v. *Thyssen Steel Caribbean*, supra, el demandante contra tercero en este caso demostró de manera prima facie, mediante la presentación de declaraciones juradas y documentos, la existencia de hechos acreditativos de la jurisdicción sobre la persona de Conservas. En *Ind. Siderúrgica* v. *Thyssen Steel Caribbean*, supra, pág. 556, enfatizamos la necesidad de celebrar una vista evidenciaria para resolver definitivamente este tipo de controversia; también expresamos que para resolver la moción de desestimación, "[c]uando menos[,] *debió requerir que la demandante demostrara que [contaba] con prueba suficiente* para establecer los requisitos necesarios para

---

Estas controversias jurisdiccionales son uno de los asuntos que, conforme a las Reglas 1 y 37.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), el juez debe atender lo antes posible; un control adecuado del caso así lo requiere. Por ello en *Vellón* v. *Squibb Mfg., Inc.*, 117 D.P.R. 838, 855 n. 18 (1986), expresamos que conforme a dichas reglas en la primera conferencia ante el juez, luego de presentarse las alegaciones, deben presentarse y resolverse este tipo de mociones; pues "defensas afirmativas separables de la controversia central del caso, que puedan terminar el pleito, deben dilucidarse en esta etapa. Por ejemplo, mociones de desestimación o de sentencia sumaria por falta de jurisdicción ... ".

conferir jurisdicción *in personam* sobre la demandada y así garantizar su derecho a un debido procedimiento de ley". (Énfasis suplido.) De esa forma avalamos el procedimiento de requerir una demostración prima facie para resolver este tipo de moción, en lugar de requerir en todo caso una vista evidenciaria.

Aquí el demandante contra tercero presentó junto a su réplica a la moción para desestimar, copia de un telegrama que le enviara Conservas. En el telegrama se recoge un acuerdo entre Conservas y Colón Brothers para financiar una campaña publicitaria del producto en Puerto Rico. Además, consta en el expediente del caso un retrato del envase del producto donde se indica "Packed for: Colón Brothers, Inc., San Juan-Ponce, Puerto Rico 00731". Esta documentación basta para demostrar, prima facie, la existencia de prueba en apoyo a las alegaciones jurisdiccionales sobre los contactos de Conservas con el foro.(12) Según las alegaciones en la demanda contra tercero y de los documentos sometidos en apoyo a las mociones, resolvemos que el demandante contra tercero Colón Brothers, estableció un caso prima facie de jurisdicción sobre la tercera demandada Conservas. De la prueba presentada mediante documentos se podía inferir que Conservas hacía negocios en Puerto Rico y que le era predecible, para propósitos del debido procedimiento de ley, saber que sus productos serían vendidos por Colón Brothers en Puerto Rico y que en algún momento podría ser llamado

---

(12) Colón Brothers, luego de hacer referencia al evento que da base a la demanda original, alegó: "Que a[u]n cuando los calamares enlatados a que se ha hecho mención anteriormente estaban etiquetados con la marca Coloso, *los mismos fueron comprados en su forma final del tercero demandado Conservas ... quien los preparó y envasó en la forma en que los mismos fueron vendidos a los demandantes.*" (Énfasis suplido.) Demanda contra tercero, *exhibit* 5, pág. 16.

a responder en este foro por la venta de los mismos.(¹³) Esto derrotó la moción de Conservas para desestimar. Véanse: *Ind. Siderúrgica* v. *Thyssen Steel Caribbean,* supra, págs. 558–566;(¹⁴) *Asahi Metal Industry Co.* v. *Superior Court,* 55 L.W. 4197, 4199 (1987);(¹⁵) *Burger King Corp.* v. *Rudzewicz,* 471 U.S. 462 (1985); *Keeton* v. *Hustler Magazine, Inc.,* 465 U.S. 770, 781 (1984); *Calder* v. *Jones,* 465 U.S. 783, 789–790 (1984); *World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286, 295–299 (1980), en particular a la pág. 297; *Santiago* v. *BRS, Inc.,* 528 F. Supp. 755, 757–759 (Dist. P.R. 1981); *Commodities World Intern. Corp.* v. *Royal Milc,* 440 F. Supp. 1373, 1376–1380 (Dist. P.R. 1977).(¹⁶)

---

(¹³) En *Medina* v. *Tribunal Superior,* 104 D.P.R. 346, 356 (1975), definimos el requisito "transacciones de negocios" de la Regla 4.7 de Procedimiento Civil de una forma amplia. Dijimos "que no está limitado a transacciones comerciales sino que comprende gestiones de diversa índole".

(¹⁴) En *Ind. Siderúrgica* v. *Thyssen Steel Caribbean,* supra, pág. 564, al analizar los hechos de ese caso expresamos: "La carta-contrato suscrita en 1977 con Livingston sugiere que su actividad económica ha estado decididamente calculada para cubrir el mercado siderúrgico de Puerto Rico. En consecuencia, *la demandada no ha tenido reparo en marcar la mercancía como destinada para el mercado local.*" (Énfasis suplido.)

(¹⁵) En *Asahi Metal Industry Co.* v. *Superior Court,* 55 L.W. 4197, 4199 (1987), el Tribunal Supremo de los Estados Unidos, en una opinión pluralista expresó:

"The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, *designing the product for the market in the forum State, advertising in the forum State,* establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." (Énfasis suplido.)

(¹⁶) En este caso, *Commodities World Intern. Corp.* v. *Royal Milc,* 440 F. Supp. 1373, 1376 (Dist. P.R. 1977), hubo una situación parecida a la de autos en cuanto a la práctica de la entidad no residente de poner etiquetas que especifiquen el destino del producto. En esa ocasión el juez Toledo expresó: "Business relationships do not exist in a vacuum. ... We cannot accept the contention that Royal Milc blindly affixed particular labels to its products, selling and shipping these with no knowledge as to their ultimate destination and use."

Resuelto el planteamiento de jurisdicción sobre la persona de la tercera demandada Conservas, según las alegaciones, los documentos y declaraciones juradas que acompañaron a las mociones y las demás constancias de los autos, el tercero demandante Colón Brothers deberá, en una vista evidenciaria que se celebre sobre la cuestión jurisdiccional o en el juicio en su fondo, según discrecionalmente determine el tribunal de instancia, demostrar, mediante la preponderancia de la prueba, que existen los elementos constitutivos de jurisdicción sobre la persona de Conservas. Si logra así probarlo, el ejercer jurisdicción en este caso no violaría las "nociones tradicionales de trato justo y justicia sustancial".

Por todo lo anterior, *se dictará sentencia en la cual se expida el auto, se confirme la resolución de 7 de marzo de 1986, y se devuelva el caso para que continúen los procedimientos de forma compatible con esta opinión.*

Los Jueces Asociados Señores Negrón García y Rebollo López concurren en el resultado sin opinión escrita.