Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EDWIN GABRIEL ACEVEDO<br><br>Recurrido<br><br>v.<br><br>YVONNE ELISA AGUIAR LUNA Y OTROS<br><br>Peticionarios | KLCE202301479 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: BY2023CV02746<br><br>Sobre: Accidente de tránsito, acometimiento o agresión |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de enero de 2024.

Comparece ante este tribunal apelativo la Sra. Yvonne Elisa Aguiar Luna, John Doe, la Sociedad Legal de Gananciales compuesta por ambos y la Cooperativa de Seguros Múltiples de Puerto Rico (los peticionarios), mediante recurso de *Certiorari,* solicitándonos que revoquemos la *Resolución* emitida el 30 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), notificada el 1 de diciembre posterior. Mediante este dictamen, el foro primario declaró *No Ha Lugar* al petitorio desestimatorio presentado por los peticionarios.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

**I.**

El 17 de mayo de 2023, el Sr. Edwin Gabriel Morales Acevedo (el señor Morales Acevedo o el recurrido) instó demanda sobre daños y perjuicios en contra de los peticionarios. En esencia, se alegó que

la Sra. Yvonne Elisa Aguiar Luna, en las inmediaciones del Complejo Deportivo del Coliseo Rubén Rodríguez, impactó al recurrido con su vehículo de manera intencional. Añadió que esta le pasó la goma del carro por encima de su pie izquierdo y no se detuvo posterior al incidente. Indicó que dicho acto violento le provocó lesiones al pie, pierna y parte lateral del cuerpo, y estimó los daños en una suma no menor de $100,000 los que podrían aumentar una vez tenga el resultado final de las evaluaciones y tratamientos médicos.

El 10 de noviembre de 2023, la Sra. Yvonne Elisa Aguiar Luna, John Doe, la Sociedad Legal de Gananciales compuesta por ambos, sin someterse a la jurisdicción, presentó *Moción Solicitando Desestimación por Insuficiencia en el Diligenciamiento de los Emplazamientos*.[1] En esta, argumentó que el tribunal no adquirió jurisdicción sobre ellos debido a que se incumplió con los requisitos de la Regla 4 de las de Procedimiento Civil. El señor Morales Acevedo se opuso y solicitó, como alternativa, que el TPI expidiera nuevos emplazamientos.[2]

Ahora bien, <u>ese mismo día</u>, la Cooperativa de Seguros Múltiples de Puerto Rico (CSMPR o la Cooperativa) instó *Moción Solicitando Desestimación por Prescripción* en la cual arguyó que, conforme a los hechos de la demanda, el señor Morales Acevedo no interrumpió el término prescriptivo contra ninguno de los codemandados incluidos en la misma.[3] No obstante, en su pedimento la CSMPR solicitó solamente la desestimación de la demanda instada **en su contra por estar prescrita**. Esto al haberse radicado la demanda en su contra pasados dos (2) años de los hechos del caso. Expresó, además, que las conversaciones

---

[1] Véase entrada núm. 15 del expediente electrónico BY2023CV02746 del Sistema Unificado de Manejo y Administración de Casos (SUMAC). Apéndice del Recurso a las págs. 041-044.
[2] *Íd.*, entrada núm. 21 de SUMAC. Apéndice del Recurso a las págs. 060-063.
[3] *Íd.*, entrada núm. 16 de SUMAC. Apéndice del Recurso a las págs. 051-055.

transaccionales con la Cooperativa no constituyen un método para interrumpir la prescripción.

El recurrido en su moción de oposición apuntaló que la demanda no está prescrita a tenor con la normativa dispuesta por el Tribunal Supremo en *Birriel Colón v. Econo y otros*, 2023 TSPR 120, 213 DPR ___.[4] Al respecto, explicó que se "produjo una creencia razonable de que la aseguradora estaría actuando en representación del asegurado (demandados) en el curso de las negociaciones extrajudiciales. En este sentido, en este caso – al igual que en Birriel Colón- cuando el Demandante no se comunicó con posterioridad directamente con los demandados conocían que la parte recurrida se encontraba en negociaciones con su aseguradora para llegar a un posible acuerdo extrajudicial".[5]

Así las cosas, el 30 de noviembre de 2023 el tribunal primario emitió la *Resolución* recurrida, la cual fue notificada el 1 de diciembre posterior. En este, declaró y citamos:[6]

> A LA SOLICITUD DE DESESTIMACI[Ó]N **PRESENTADA POR LA PARTE DEMANDADA** RESOLVEMOS NO HA LUGAR.
>
> TENGA LA PARTE DEMANDADA EL T[É]RMINO DISPUESTO POR LAS REGLAS DE PROCEDIMIENTO CIVIL PARA CONTESTAR DEMANDA. [Énfasis nuestro]

Por otro lado, el foro *a quo* dictó *Orden,* "con relación a la oposición [22]", el 4 de diciembre de 2023, notificada al día siguiente, en la que señaló: [7]

> *V[É]ASE RESOLUCI[Ó]N DICTADA EL 1 DE DICIEMBRE DE 2023 (ENTRADA #23 DE SUMAC).*

Inconformes los peticionarios acuden ante esta Curia, mediante el recurso de epígrafe, imputándole al TPI haber incurrido en los siguientes errores:

> ERRÓ EL TPI AL PERMITIR UN EMPLAZAMIENTO EN BLANCO PARA ADQUIRIR JURISDICCIÓN SOBRE YVONNE ELISA AGUIAR LUNA, JOHN DOE Y LA

---

[4] *Íd.*, entrada núm. 22 de SUMAC. Apéndice del Recurso a las págs. 064-068.
[5] Véase, Apéndice del Recurso, a la pág. 066.
[6] *Íd.*, a la pág. 069.
[7] *Íd.*, a la pág. 070.

> SOCIEDAD LEGAL DE GANANCIALES ENTRE YVONNE ELISA AGUIAR LUNA Y JOHN DOE.
>
> ERRÓ EL TPI AL NO DESESTIMAR UNA DEMANDA EN CONTRA DE UN ASEGURADOR, CUYO TÉRMINO PRESCRIPTIVO PARA SER DEMANDADO, NUNCA FUE INTERRUMPIDO CONFORME A DERECHO.

El 2 de enero de 2024, la parte peticionaria presentó ante este foro *Moción Informativa sobre Cumplimiento con la Regla 33* de la cual nos damos por enterados.

El 10 de enero siguiente el señor Morales Acevedo instó *Oposición a Expedición del Auto de Certiorari Solicitado,* por lo que decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo, así como estudiado el derecho aplicable, procedemos a resolver.

## II.

**El auto de *certiorari***

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece las instancias en que el recurso de *certiorari* será expedido y así revisar las resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Sin embargo, aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra,* previo a ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto el *certiorari. García v. Padró,* 165 DPR 324, 334 (1999). Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirija. *I.G. Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012); *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011).

Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para

llegar a una conclusión justiciera. (citas omitidas)". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). Así pues, se ha considerado que la discreción se nutre de un juicio racional cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna. (citas omitidas)". *Íd.* A estos efectos, la Regla 40 de nuestro Reglamento, *supra*, enmarca los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional *certiorari*. *I.G. Builders et al. v. BBVAPR*, supra. Dicha regla establece lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En síntesis, la precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas anteriormente está presente en la petición de *certiorari*. De estar alguna presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Además, es norma trillada que un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este

último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009). También, los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008).

De otra parte, la moción de desestimación al palio de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula un demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625 (2006). La referida Regla dispone:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) Falta de jurisdicción sobre la materia; (2) Falta de jurisdicción sobre la persona; (3) **Insuficiencia del emplazamiento**; (4) Insuficiencia del diligenciamiento del emplazamiento; (5) **Dejar de exponer una reclamación que justifique la concesión de un remedio**; (6) Dejar de acumular una parte indispensable." [Énfasis nuestro]

Cuando se considera una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante. *Cobra Acquisitions v. Mun. Yabucoa et al,* 210 DPR 384 (2022).

La demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* supra, a la pág. 429. En fin, se debe considerar, si a la luz de la situación más favorable al demandante, y resolviendo

toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Íd.*[8]

En lo aquí pertinente, "[s]i de las alegaciones de la demanda surge que la acción prescribió, un demandado puede presentar una moción de desestimación por prescripción al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, es decir, fundada en que la demanda deja de exponer una *reclamación que justifique la concesión de un remedio. [citas omitidas]". Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020).

Por otro lado, el Alto Foro ha resuelto que los tribunales de primera instancia tienen gran discreción sobre cómo proceder cuando se plantee la defensa de falta de jurisdicción sobre la persona, ya fuese mediante alegación responsiva o en una moción de desestimación. En particular, se ha desarrollado un esquema de cuatro alternativas para que el foro de instancia seleccione cómo proceder cuando un demandado impugna la jurisdicción sobre su persona a través de una petición de desestimación al amparo de la Regla 10.2 de Procedimiento Civil. A esos efectos, el tribunal de instancia puede: (1) simplemente evaluar la moción tomando en consideración sólo las alegaciones de la demanda; (2) si se acompañan documentos y declaraciones juradas, analizar éstos conjuntamente con las alegaciones y los documentos y contradeclaraciones juradas que presente el demandante en su oposición; (3) señalar vista preliminar evidenciaria (decisión *motu proprio* o a solicitud de parte); o (4) posponer la cuestión para decidirla después de la vista en su fondo al resolver el caso. *Trans-Oceanic Life Ins. v. Oracle Corp.* 184 DPR 689, 709 (2012); *Molina v. Supermercado Amigo, Inc.*, 119 DPR 330, 339 (1987).

---

[8] Véase, además, *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).

**III.**

En esencia, los peticionarios señalaron que el TPI erró al no acoger sus respectivas solicitudes desestimatorias. La Regla 52.1 de las Reglas de Procedimiento Civil, *supra,* nos permite la revisión de un dictamen denegatorio de una moción de carácter dispositivo. Por otro lado, y luego de analizados los escritos de las partes, el expediente electrónico y el derecho aplicable, colegimos que a la luz de los criterios dispuestos en la Regla 40 de nuestro Reglamento, procede expedir el recurso solicitado.

Como es sabido, este Tribunal Apelativo actúa, esencialmente, como foro revisor. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Es por ello que nuestra encomienda principal es examinar cómo los tribunales inferiores aplican el Derecho a los hechos particulares de cada caso. *Íd.*

En el caso de autos, el foro recurrido tenía ante su consideración dos (2) mociones de desestimación presentadas **el mismo día** por cada uno de los codemandados. A pesar de que ambos petitorios fueron presentados al palio de la Regla 10.5 de las Reglas de Procedimiento Civil, *supra,* **los fundamentos de cada una son distintos**. El TPI no especifica en su dictamen cuál de las mociones atendió, ni estableció fundamento que nos permitiera identificar cuál de las mociones desestimatorias resolvió. Solo con un escueto *no ha lugar* atendió "la solicitud de desestimaci[ó]n presentada por **la parte demandada.**" [Énfasis nuestro]. Lo cual, reiteramos, no define cuál de las dos (2) mociones resolvió. Incluso, el TPI solo menciona la oposición presentada por el recurrido en cuanto a la solicitud de desestimación de CSMPR (Entrada núm. 22 de SUMAC) . Por lo que, claramente se obvió la oposición presentada sobre la solicitud de desestimación sometida por la Sra. Yvonne

Elisa Aguiar Luna, John Doe, y la Sociedad Legal de Gananciales compuesta por ambos (Entrada núm. 21 de SUMAC).

De hecho, destacamos que del expediente electrónico surge que el foro recurrido emitió **dos órdenes separadas** al señor Morales Acevedo para que expusiera su posición en cuanto a los petitorios desestimatorios presentados.[9] El recurrido cumplió con lo ordenado. Por tanto, ante este atropellado trámite procesal, estamos impedidos de ejercer nuestra función revisora.

De otra parte, el primer error aquí señalado está basado en el pedido desestimatorio por *insuficiencia en el diligenciamiento* de los emplazamientos. Como reseñáramos en el derecho que antecede, respecto a una moción de esta naturaleza el TPI tiene, en su discreción, cuatro alternativas para disponer de la misma. Reiteramos que el dictamen recurrido impide su revisión por esta Curia ante la falta de una resolución clara y particularizada.

Por otro lado, el segundo error va dirigido a la solicitud de desestimación que presentara la Cooperativa en la cual, si bien, solo requiere examinar si de las alegaciones de la demanda surge que la acción prescribió, el presente caso requiere que el foro de primera instancia analice y determine si le es aplicable lo resuelto por el Alto Foro en *Birriel Colón v. Econo y otros,* supra, como reclama el recurrido en su oposición.[10] Según destacó nuestro Tribunal Supremo en dicho caso, la determinación sobre si una persona tiene un interés real e inmediato en su causa de acción requiere una evaluación caso a caso en la que el tribunal deberá evaluar los diversos intereses envueltos.[11]

---

[9] Véase, entradas núms. 15 y 16 de SUMAC. Apéndice del Recurso, a las págs. 058 y 059

[10] Destacamos, además, que la referida moción fue acompañada de prueba documental.

[11] Véase, además, *Nevárez Agosto v. United Surety et al.*, 209 DPR 346 (2022), donde el Tribunal Supremo analiza la interrupción del término prescriptivo al palio de la Ley Núm. 242-2018. Dicha ley enmendó el Artículo 11.190 del Código de Seguros, 26 LPRA sec. 1119.

En fin, procede revocar el dictamen aquí recurrido y devolver al foro recurrido para que disponga de ambas mociones conforme a lo aquí resuelto.

**IV.**

Por los fundamentos antes expuestos, expedimos el recurso de *certiorari* solicitado y revocamos la *Resolución* recurrida. En su consecuencia, devolvemos el caso al foro de primera instancia para que, una vez expedido el mandato, actúe conforme a lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones