Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL X

| | | |
|---|---|---|
| ÁNGEL C. DÍAZ DÍAZ<br><br>Apelado<br><br><br>V.<br><br><br>KAMEL BEIRAT<br><br>Apelante | KLAN202301117 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Municipal de Vega Baja<br><br>Caso Núm.:<br>VA2023CV00179<br><br>Sobre:<br>Desahucio |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 9 de febrero de 2024.

El 12 de diciembre de 2023, compareció ante este Tribunal de Apelaciones el señor Kamel Beirat (en adelante, parte apelante o señor Beirat), por medio de recurso de *Apelación*. Mediante este, nos solicita que revisemos la *Sentencia* emitida el 14 de noviembre de 2023; transcrita y notificada el 5 de diciembre de 2023[1], por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la *Demanda de Desahucio* instada por la parte apelada.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada y se devuelve el caso al foro primario para que señale nuevamente la vista, en la que se le garantice a las partes el debido proceso de ley.

### I

Los hechos que iniciaron la controversia de epígrafe se remontan a una *Demanda de Desahucio,* instada el 16 de octubre

---

[1] Depositada el 6 de diciembre de 2023 en el servicio postal.

Número Identificador

SEN2024 _____

de 2023, por el señor Ángel C. Díaz Díaz (en adelante, señor Díaz Díaz o parte apelada), en contra de la parte apelante. Según se desprende de las alegaciones de la *Demanda de Desahucio*, el señor Díaz Díaz es el dueño de una propiedad ubicada en la Calle 2 I-9, en la Urbanización Santa Ana en el Municipio de Vega Alta, Puerto Rico. En la aludida propiedad, reside como inquilino el señor Beirat, en virtud de un contrato verbal.

Posteriormente, para el 27 de octubre de 2023, la parte apelante presentó la *Moción de Desestimación*. Arguyó que, la *Demanda de Desahucio* no justificaba la concesión de un remedio y que por ello, procedía su desestimación. Respecto a esta, el 30 de octubre de 2023, el foro primario emitió una *Orden* donde expresó que se atendería en el juicio en su fondo.

Así las cosas, el 2 de noviembre de 2023, la parte apelante presentó la moción intitulada *Acompaña Documento, Informativa y en Solicitud de Regrabación al Honorable Tribunal*. Conforme surge de la aludida moción, entre otras cosas, la parte apelante acompañó un documento que acreditaba su condición de salud, que según adujo, requería cuidados médicos hasta el 8 de noviembre de 2023, "sin perjuicio del diagnóstico que surja del referido que se hiciera por su condición emocional".

Por otro lado, el 6 de noviembre de 2023, la parte apelante presentó la moción *Sobre Titularidad y Parte Indispensable*. Arguyó que, la parte apelada no había demostrado la titularidad del bien inmueble en cuestión. Alegó, además, falta de parte indispensable.

En igual fecha, el Tribunal de Primera Instancia emitió una *Orden*, en la cual consignó lo siguiente:

Se toma conocimiento de lo informado.

Considerando la naturaleza sumaria del presente caso, se autoriza la comparecencia del demandado por videoconferencia. Se ordena a la representación legal del demandado a realizar la coordinación correspondiente sobre el particular. Se le apercibe al

demandado que de no comparecer a la vista, el Tribunal podrá anotarle la rebeldía. La representación legal deberá comparecer presencialmente.

Se autoriza la regrabación de la vista del 31 de octubre de 2023. Se refiere al trámite correspondiente.

Conforme surge del expediente, el 7 de noviembre de 2023 el foro primario celebró una *Vista*. Según la *Minuta*, la parte apelante no compareció, pero sí su representante legal, la licenciada Elba Villalba Ojeda (en adelante, licenciada Villalba Ojeda). De la *Minuta* también surge que, **el foro primario reconoció que, la *Orden* del 6 de noviembre de 2023 no había sido notificada a las partes.** No obstante, determinó que se encontraba listo para la celebración del juicio, pero que, dado a que la parte apelante no se encontraba presente, le concedió un turno posterior para que su representante legal se comunicara con esta para que compareciera mediante videoconferencia[2]. Una vez llamado el caso nuevamente, la representante legal del señor Beirat indicó que, al intentar comunicarse con su representado, le habló una persona que se identificó como sobrino de este y le expresó que se encontraba en el Hospital Panamericano[3]. A tales efectos, el Tribunal de Primera Instancia le ordenó a la representación legal de la parte apelante que **en el término de 24 horas** acreditara por escrito la situación de salud del señor Beirat, so pena de la anotación de rebeldía[4].

El 9 de noviembre de 2023, la parte apelante, por conducto de su representante legal, presentó la moción intitulada *De Reconsideración a Tenor con Falta de Notificación[5]*. La abogada del señor Beirat sostuvo que, se mantuvo realizando gestiones dirigidas a cumplir con la orden del foro primario, pero que estas resultaron infructuosas debido a que no pudo comunicarse con su representado. Añadió que, únicamente logró comunicarse con el

---

[2] *Minuta* del 7 de noviembre de 2023.
[3] *Minuta* del 7 de noviembre de 2023.
[4] *Minuta* del 7 de noviembre de 2023.
[5] Fue declarada No Ha Lugar mediante *Orden* emitida el 24 de noviembre de 2023.

sobrino de su representado, quien le envió fotos de los formularios de ingreso del señor Beirat a la institución hospitalaria. Indicó que, la información recibida era que, el señor Beirat se encontraba hospitalizado. De igual manera, reiteró que la parte apelante desconocía sobre la *Orden* para comparecer mediante videoconferencia, a pesar de encontrarse bajo una situación de salud que se lo impedía. Argumentó que, el imponerle sanciones a una parte por incumplir con órdenes del tribunal de las cuales no tiene conocimiento, era una violación al debido proceso de ley. Conforme a lo anterior, le solicitó al foro *a quo* que reconsiderara lo ordenado en corte abierta y que, dejara sin efecto la aludida *Orden*.

El 14 de noviembre de 2023, la representación legal del señor Beirat presentó una moción informativa con la cual anejó un documento que acreditaba que este se encontraba internado en el Hospital Panamericano desde el 8 de noviembre de 2023. Adjuntó también la Hoja de Registro con fecha de 7 de noviembre de 2023.

En igual fecha, el foro apelado celebró una vista mediante videoconferencia. A la misma no compareció el señor Beirat, pero sí su representante legal, la licenciada Villalba Ojeda[6]. Esta última indicó que, no había tenido comunicación con el señor Beirat y que, la noche anterior a la vista pudo comunicarse con un sobrino de este por mensaje de texto, quien le notificó que se encontraba hospitalizado[7]. El Tribunal de Primera Instancia expresó que, la parte apelante había presentado una *Moción Informativa* con relación al término de 24 horas impuesto para la acreditación de su condición de salud. Añadió que, tal evidencia fue presentada en exceso de las 24 horas concedidas[8]. Por su parte, la licenciada Villalba Ojeda declaró que, no le fue posible conseguir la evidencia

---

[6] *Minuta* de 14 de noviembre de 2023 (transcrita el 5 de diciembre de 2023).
[7] *Minuta* de 14 de noviembre de 2023.
[8] *Minuta* de 14 de noviembre de 2023.

médica de la condición de la parte apelante dentro del término de 24 horas.[9]  Sin embargo, la primera instancia judicial determinó que le "concedió una amplia oportunidad a la parte demandada", y que la moción acompañada de la evidencia médica que indicaba que el señor Beirat se encontraba internado en el Hospital Panamericano, fue presentada fuera del término de 24 horas.  Añadió que, la certificación expedida por el Hospital Panamericano estaba fechada 8 de noviembre de 2023, lo que, a su juicio, indicaba que el señor Beirat fue ingresado al hospital posterior a la celebración de la vista señalada para el 7 de noviembre de 2023.[10]  A estos efectos, determinó que, la parte apelante no había justificado su incomparecencia mediante evidencia, a pesar de que se le había concedido oportunidad para así hacerlo.[11]  Conforme con ello, le anotó rebeldía y procedió a celebrar la vista sin el beneficio de su comparecencia.[12]

El Tribunal de Primera Instancia, emitió *Sentencia* el 14 de noviembre de 2023, en la cual realizó las siguientes Determinaciones de Hechos:

1. El señor Ángel C. Díaz Díaz, es adulto mayor y es dueño de la propiedad ubicada en la Urb. Santa Ana, Calle 2 I-9, Vega Alta, Puerto Rico.

2. Las partes estipularon los siguientes hechos:

   a. El señor [Beirat] reside los bajos de la referida propiedad por un contrato de arrendamiento verbal con el señor Díaz Díaz desde hace 25 años.

   b. El canon de arrendamiento acordado entre las partes es de $400.00.

   c. Desde el mes de octubre de 2023, el señor Díaz Díaz no le aceptó el pago del canon de arrendamiento al señor Beirat.

   d. El señor Díaz Díaz solicitó al señor Beirat el desalojo por conducto de familiares.

---

[9] *Minuta* de 14 de noviembre de 2023.
[10] *Minuta* de 14 de noviembre de 2023.
[11] *Minuta* de 14 de noviembre de 2023.
[12] *Minuta* de 14 de noviembre de 2023.

e. El Demandante solicitó al Demandado el desalojo porque necesita la residencia por condiciones de salud.

3. Al presente, el Demandado continúa ocupando la propiedad y se niega a desalojar.

Consecuentemente, declaró Ha Lugar la *Demanda de Desahucio* presentada por la parte apelada, y ordenó el desalojo del señor Beirat de la propiedad ubicada en Vega Alta dentro del término de veinte (20) días contados a partir de que la *Sentencia* adviniera final y firme.

Insatisfecha, la parte apelante acudió ante este foro revisor mediante recurso de *Apelación* y realizó los siguientes señalamientos de error:

A. Cometió error el Honorable Tribunal de Primera Instancia al declarar HA LUGAR la demanda en ausencia de parte indispensable[,] por lo que la misma resulta nula y sin efectividad.

B. Cometió error el Honorable Tribunal de Primera Instancia al declarar injustificada la incomparecencia de un demandado que había presentado prueba de su condición de salud cinco días antes del señalamiento.

C. Cometió error el Tribunal de Primera Instancia al imponer sanciones por la incomparecencia a una vista por video cámara[,] cuya vista por video cámara no había sido notificada.

D. Cometió error el Tribunal de Primera Instancia al anotar la rebeldía y celebrar un juicio en ausencia de un demandado que se encontraba indefenso por razones de salud y hospitalizado en violación al debido proceso de ley.

Mediante nuestra *Resolución* del 13 de diciembre de 2023, le concedimos a la parte apelada hasta el viernes 12 de enero de 2024 para exponer su posición en torno al recurso. Habiendo transcurrido el término dispuesto, sin que compareciera la parte apelada a exponer su postura, procedemos a disponer del recurso sin el beneficio de su comparecencia.

**II**

### A. El Debido Proceso de Ley

El Art. II, Sec. 7 de la Constitución del E.L.A., Tomo 1, prohíbe que cualquier persona sea privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía está consagrada también en las Enmiendas V y XIV de la Constitución de los Estados Unidos. *Rivera Rodríguez & Co v. Lee Stowell,* 133 DPR 881 (1993).

Por su parte, el Tribunal Supremo de Puerto Rico ha señalado reiteradamente que el debido proceso de ley no es un molde riguroso que se da en el abstracto, pues su naturaleza es circunstancial y pragmática. Así, cada caso debe evaluarse a la luz de sus circunstancias particulares. *San Gerónimo Caribe Project v. A.R.P.E.,* 174 DPR 640, 662 (2008). En diversas ocasiones, el Alto Foro ha expresado que el debido proceso de ley exige que en todo procedimiento adversativo se cumpla con ciertos requisitos, a saber: (1) notificación adecuada de la reclamación presentada; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de un abogado, y (6) que la decisión se fundamente en el expediente.

### B. Deferencia Judicial

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos. *Argüello v. Argüello,* 155 DPR 62 (2001); *Pueblo v. Bonilla Romero,* 120 DPR 92, 111 (1987); *Hernández Maldonado v. Taco Maker,* 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. AAA,* 177 DPR 341, 356 (2009); *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 779 (2022).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con

las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021); *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *SLG Rivera Carrasquillo v. AAA*, supra, pág. 356; *Ortiz Ortiz v. Medtronic*, supra, pág. 778; *Pueblo v. Hernández Doble*, 210 DPR 850, 864 (2022).

### C. *Manejo de Sala*

Como es sabido, nuestra más Alta Curia ha reconocido que, los foros de instancia gozan de amplia discreción en la tramitación de los casos ante su consideración, de manera que, se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v ELA*, 142 DPR 117 (1996); *Molina v. Supermercado Amigo, Inc.*, 119 DPR 330 (1987). Conforme a ello, con el propósito de mantener un funcionamiento efectivo de nuestro sistema judicial, y de que se dispongan los asuntos litigiosos de forma rápida, es necesario que los juzgadores de instancia ostenten "gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". *In re Collazo I*, 159 DPR 141 (2003). Ello implica que, estos deberán gozar de poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar aquellos correctivos apropiados, de acuerdo a su buen juicio.[13] En virtud de estos poderes, los foros de instancias tienen disponibles múltiples mecanismos procesales para asegurar y mantener el orden de los procedimientos que atienden, para hacer cumplir sus órdenes y para realizar cualquier acto necesario para cumplir a cabalidad sus funciones. *Íd.*; *ELA v. Asoc. de Auditores*, 47 DPR 669 (1999).

---

[13] *Íd.* pág. 150.

Nuestra última instancia judicial ha señalado que, "[e]specíficamente, la discreción ha de ceder en las circunstancias en las que se configura: un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación." *Banco Popular de Puerto Rico v. Andrés Gómez Alayón y otros*, 2023 TSPR 145, 212 DPR ____ (2023).

No obstante, "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no [hay] duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435.

Si la actuación del tribunal de instancia no se encuentra desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, prevalecerá el criterio del juzgador de hechos a quien le corresponde la administración del proceso para disponer de los procedimientos ante su consideración. *Sierra v. Tribunal Superior*, 81 DPR 554 (1959).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En esencia, en su segundo señalamiento de error, la parte apelante sostiene que, la primera instancia judicial incidió al declarar injustificada su incomparecencia, a pesar de haber presentado prueba que acreditaba su condición de salud cinco (5) días antes del señalamiento de la vista.

Por otro lado, en su tercer señalamiento de error, la parte apelante sostiene que, el Tribunal de Primera Instancia erró al imponerle sanciones por su incomparecencia a la vista celebrada mediante videoconferencia, pese a no haber sido notificada sobre tal vista.

En su cuarto señalamiento de error, el apelante arguye que, el foro *a quo* incidió al anotarle rebeldía y celebrar un juicio en su ausencia, aun cuando se encontraba indispuesto por razones de salud y hospitalizado, violentando así, el debido proceso de ley.

Por encontrarse intrínsecamente relacionados, discutiremos de forma conjunta los errores antes esbozados. Adelantamos que, le asiste la razón a la parte apelante. Veamos.

Según reseñáramos, el 7 de noviembre de 2023 fue celebrada una *Vista* a la cual no compareció la parte apelante. Sin embargo, surge de la *Minuta* que, a pesar de que el foro de primera instancia reconoció que la *Orden* del señalamiento de la vista que exigía que el señor Beirat compareciera mediante videoconferencia no había sido notificada a las partes, aun así, determinó que se encontraba listo para la celebración del juicio en su fondo. Dispuso que, debido a que el apelante no se encontraba presente, le concedía un turno posterior para que su representación legal se comunicara con este para que compareciera por medio de videoconferencia. Llamado el caso nuevamente, la licenciada Villalba Ojeda indicó que, al intentar comunicarse con el señor Beirat, le contestó el sobrino de este, quien le notificó que este se encontraba recluido en el Hospital

Panamericano. A estos efectos, el Tribunal de Primera Instancia le ordenó a la licenciada Villalba Ojeda que, **en el término de 24 horas** acreditara por escrito la situación de salud del señor Beirat, so pena de la anotación de rebeldía.

Posteriormente, la licenciada Villalba Ojeda presentó una moción informativa con la que anejó una certificación del Hospital Panamericano, que acreditaba que el señor Beirat se encontraba internado en esa institución desde el 8 de noviembre de 2023. Anejó, además, la Hoja de Registro del señor Beirat fechada 7 de noviembre de 2023.

De igual manera, fue celebrada la vista en su fondo, a la cual no compareció la parte apelante, pero sí su representante legal. La licenciada Villalba Ojeda manifestó que, no había tenido contacto con su cliente, el señor Beirat y que, la noche anterior logró comunicarse con el sobrino de este por mensaje de texto. Añadió que, el sobrino del señor Beirat le notificó que este se encontraba hospitalizado. A pesar de lo anterior, el Tribunal de Primera Instancia determinó que, la licenciada Villalba Ojeda había presentado la moción con los documentos acreditativos de la condición de salud del señor Beirat fuera del término impuesto de 24 horas. La licenciada Villalba Ojeda expresó que, no había sido posible conseguir evidencia de la condición de la parte apelante dentro del término de 24 horas. Aun así, el foro de primera instancia concluyó que, le había concedido una amplia oportunidad a la parte apelante y reiteró que, no cumplió con lo ordenado dentro del término de 24 horas. Esgrimió que, la certificación expedida por el Hospital Panamericano indicaba que el señor Beirat había sido ingresado al hospital posterior a la celebración de la vista señalada para el 7 de noviembre de 2023. Consecuentemente, determinó que, la parte apelante no había justificado su incomparecencia mediante evidencia, le anotó la rebeldía, le ordenó cancelar aranceles por la

suspensión de la vista anterior y celebró la vista en su fondo sin el beneficio de su comparecencia.

Si bien es cierto que, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos, esta deferencia podrá ser preterida en ciertas instancias. Pues, cuando medie pasión, prejuicio, parcialidad o error manifiesto, o abuso de discreción, nos encontramos facultados a intervenir con las determinaciones de los foros de instancia[14].

A pesar de que reconocemos que, los tribunales de instancia gozan de amplia discreción en la tramitación de los casos ante su consideración, dadas las particularidades de este caso, colegimos que, procede nuestra intervención. Ello, pues, nos resulta forzoso concluir que, bajo el criterio de razonabilidad, el término de 24 horas concedido por el Tribunal de Primera Instancia para acreditar la condición de salud del señor Beirat fue totalmente irrazonable y que, dada la condición de salud del apelante que le fue acreditada, tal proceder demuestra un claro abuso de discreción.

De igual manera, pese a que, los foros de instancia gozan de poder y autoridad suficiente para aplicar los correctivos que entiendan necesarios, la anotación de rebeldía en el caso de epígrafe y la celebración de la vista en su fondo sin la comparecencia del señor Beirat, a pesar de este encontrarse imposibilitado de comparecer, y peor aún, el dictar *Sentencia* en su contra dadas estas circunstancias, nos resulta un abuso de discreción por parte del foro sentenciador que no puede ser avalado por este foro.

Consecuentemente, y en aras de salvaguardar las protecciones constitucionales sobre el debido proceso de ley que le

---

[14] *Serrano Muñoz v. Auxilio Mutuo*, supra, pág. 741; *Santiago Ortiz v. Real Legacy et al.*, supra, pág. 219; *Rodríguez et al. v. Hospital et al.*, supra, págs. 908-909; *SLG Rivera Carrasquillo v. AAA*, supra, pág. 356; *Ortiz Ortiz v. Medtronic*, supra, pág. 778, *Pueblo v. Hernández Doble*, supra, pág. 864.

asisten al apelante, es necesario que el foro primario vuelva a celebrar la vista en su fondo.

Conforme a lo resuelto, consideramos innecesario discutir el primer error señalado por la parte apelante.

**VI**

Por los fundamentos antes expuestos, se revoca la *Sentencia* apelada y se devuelve el caso al foro primario para que señale nuevamente la vista, en la que se le garantice a las partes el debido proceso de ley.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones