Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LUIS GABRIEL SALGADO RIVERA Y OTROS<br><br>Peticionario<br><br>V.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS POR CONDUCTO DE SU SECRETARIA EILEEN M. VÉLEZ VEGA Y OTROS<br><br>Recurrido | KLCE202401343 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2022CV00945 (402)<br><br>Sobre: Accidente de Tránsito |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

El 12 de diciembre de 2024, comparecieron ante este Tribunal de Apelaciones, el señor Luis Gabriel Salgado Rivera y la señora Dirtza Shanira Rosado Meléndez (en conjunto, los peticionarios), mediante recurso de *Certiorari.* Por medio de este, nos solicitan que revisemos la *Orden* emitida y notificada el 12 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la solicitud de reconsideración presentada por los peticionarios.

Por los fundamentos que adelante se exponen, se desestima el recurso de *Certiorari* al no satisfacer los criterios establecidos en la Regla 52.1 de Procedimiento Civil.

### I

Conforme surge del expediente, el 25 de mayo de 2022, los peticionarios presentaron una *Demanda* sobre daños y perjuicios en contra del Departamento de Transportación y Obras Públicas

Número Identificador

RES2024 _____

(DTOP), el Departamento de Justicia, la Autoridad de Energía Eléctrica (AEE), Puerto Rico Telephone Company Inc. (PRTC), Liberty Cablevision of Puerto Rico (Liberty), MAPFRE de Puerto Rico (MAPFRE), Herminio Amador Trucking Company, Inc. y/o Herminio Amador Delgado y Peter J. Pérez Jr. (en conjunto, la parte recurrida).[1] Por medio de esta, sostuvieron que el 28 de mayo de 2021, sufrieron un accidente en su vehículo de motor en la carretera 686 de Manatí. En detalle, indicaron que, mientras transitaban por la referida vía junto a su hijo menor de edad, un camión de la compañía Herminio Amador Trucking Company Inc., se enredó con los cables del tendido público, provocando que estos cayeran sobre el vehículo que manejaban. Además de los cables, expresaron que, su vehículo quedó bajo ramas de árboles, y atrapado entre un poste de madera y otro de metal.

Indicaron que, luego de que lograron salir del vehículo, el conductor del camión, el señor Pedro J. Pérez Jr., se acercó indagando sobre la salud de la señora Dirtza Shanira Rosado Meléndez (en adelante, señora Rosado Meléndez), quien se encontraba en estado de embarazo al momento de los hechos.

Los peticionarios adujeron que, como consecuencia del accidente, tanto ellos como su hijo tuvieron que ser transportados al hospital para ser evaluados y recibir asistencia médica. Añadieron que, necesitaron tratamiento médico posterior, puesto que los daños eran continuos. Adicionalmente, señalaron que, se vieron en la obligación de alquilar un vehículo, puesto que el suyo fue declarado pérdida total.

A raíz de todo lo anterior, los peticionarios solicitaron el resarcimiento económico por los daños físicos y emocionales sufridos como consecuencia del accidente.

---

[1] Apéndice del recurso de *certiorari*, págs. 482-497.

En lo pertinente a la controversia ante nuestra consideración, el 9 de febrero de 2024, el foro primario emitió *Resolución y Orden*.[2] En virtud de esta, el tribunal *a quo* pautó la Conferencia con Antelación a Juicio para el 3 de septiembre de 2024, y determinó que el descubrimiento de prueba culminaba el 17 de julio de 2024.

Así las cosas, el 18 de julio de 2024, los peticionarios presentaron *Solicitud de Extensión del Descubrimiento de Prueba*.[3] En esencia, solicitaron que la etapa del descubrimiento de prueba fuera extendida hasta el 30 de agosto de 2024. Arguyeron que, su representante legal había sufrido varias situaciones que le habían impedido avanzar con el caso ordinariamente. En detalle, señalaron que (1) la oficina de la abogada había sido objeto de un ataque cibernético que ocasionó la pérdida de data del caso y, (2) que esta padecía de una enfermedad intestinal que había requerido hospitalizaciones prolongadas y periodos de descanso fuera del trabajo.

El 19 de julio de 2024, PRTC instó *Oposición a la Solicitud de Extensión del Descubrimiento de Prueba y Solicitud de Orden Protectora*.[4] Sobre el asunto del descubrimiento de prueba, arguyó que, la moción presentada no cumplía con el requisito de justa causa que exige el ordenamiento jurídico. Precisó que, las condiciones de salud de la representante legal de los peticionarios no justificaban la dilación de los procedimientos. Asimismo, sostuvo que, las partes conocían el término establecido para culminar el descubrimiento de prueba desde febrero de 2024. Manifestó que, los peticionarios se cruzaron de brazos y no procuraron el descubrimiento de prueba que solicitaban.

---

[2] *Íd.*, págs. 244-255.
[3] *Íd.*, págs. 219-221.
[4] *Íd.*, págs. 209-215.

El 29 de julio de 2024, el tribunal primario dictó y notificó *Orden*, declarando No Ha Lugar la solicitud de extensión del descubrimiento de prueba.[5]

En desacuerdo, el 13 de agosto de 2024, los peticionarios presentaron *Moción en Solicitud de Reconsideración*.[6] A grandes rasgos, alegaron que, la situación de salud de su representante legal sí constituía justa causa. Por otro lado, reconocieron que la solicitud se había presentado un día después de concluido el descubrimiento de prueba. Mas, sostuvieron que, se presentó un día después de que uno de los co-demandados presentara su contestación a un interrogatorio que se había cursado en febrero de 2024.

El 20 de agosto de 2024, notificada el 22 de agosto de 2024, el tribunal primario emitió *Resolución,* dejando sin efecto el dictamen emitido el 29 de julio de 2024.[7] Así, el foro *a quo* extendió el descubrimiento de prueba por cuarenta y cinco (45) días, y precisó que no habría prórrogas adicionales.

El 27 de agosto de 2024, los peticionarios presentaron un escrito intitulado *Solicitud de Órdenes*.[8] Por medio de este, solicitaron al foro primario que emitiera órdenes dirigidas a la AEE, Liberty, PRTC, DTOP y MAPFRE, para que certificaran y proveyeran una serie de información y varios documentos.

El 3 de septiembre de 2024, el Tribunal de Primera Instancia dictó y notificó *Orden*, denegando la solicitud mencionada.[9] El foro *a quo* consignó que se debía utilizar el mecanismo de descubrimiento de prueba correspondiente.

Más adelante, el 8 de octubre de 2024, PRTC instó un escrito intitulado *Oposición a Nuevo Descubrimiento de Prueba y Solicitud*

---

[5] *Íd.*, pág. 208.
[6] *Íd.*, págs. 196-205.
[7] *Íd.*, págs. 122-124.
[8] *Íd.*, págs. 107-119.
[9] *Íd.*, pág. 84.

*de Orden Protectora.*[10] Por medio de este, arguyó que, luego de culminado el descubrimiento de prueba, el 7 de octubre de 2024, los peticionarios le notificaron dos (2) nuevos instrumentos de descubrimiento de prueba, a saber, *Segunda Producción de Documentos* y *Aviso de Toma de Deposición.* Sostuvo que, lo solicitado resultaba repetitivo, en tanto requería contestaciones previamente otorgadas y documentos ya producidos.

El 9 de octubre de 2024, notificada ese mismo día, el foro de instancia emitió *Orden*, concediendo setenta y dos (72) horas a los peticionarios para que mostraran causa por la cual no debía conceder lo solicitado por PRTC.[11]

El 15 de octubre de 2024, PRTC solicitó que se diera por sometido su petitorio, en vista de que los peticionarios no habían comparecido en el término concedido.[12]

No obstante, el mismo 15 de octubre de 2024, los peticionarios presentaron *Moción en Cumplimiento de Orden.*[13] A través de esta, sostuvieron que, los documentos en cuestión habían sido enviados el 7 de octubre de 2024, último día del descubrimiento de prueba. Adicionalmente, arguyeron que, PRTC no había producido documentos que le habían sido requeridos. Añadieron que, la solicitud de producción de documentos estaba dirigida a aspectos no cubiertos anteriormente. Así pues, solicitaron al foro primario que ordenara todo el descubrimiento de prueba que hubiese sido anunciado dentro del término. Es decir, hasta el 7 de octubre de 2024.

Atendidos los escritos, el 18 de octubre de 2024, el tribunal *a quo* emitió y notificó *Orden*, declarando Ha Lugar la oposición presentada por PRTC.[14] En su dictamen, el foro primario hizo

---

[10] *Íd.*, págs. 21-29.
[11] *Íd.*, págs. 19-20.
[12] *Íd.*, págs. 16-18.
[13] *Íd.*, págs. 12-15.
[14] *Íd.*, pág. 11.

constar que el descubrimiento de prueba había culminado el 7 de octubre de 2024.

Insatisfechos, el 18 de octubre de 2024, los peticionarios instaron *Moción en Solicitud de Reconsideración.*[15] A grandes rasgos, arguyeron que, la orden protectora no procedía, puesto que (1) la información solicitada en las preguntas y requerimientos remitidos a PRTC no eran opresivas ni onerosas; (2) ni conllevaba la divulgación de información confidencial. Por otro lado, precisaron que, la parte recurrida no sufriría perjuicio alguno por la reapertura del descubrimiento de prueba, y que tampoco se dilatarían los procedimientos.

El 12 de noviembre de 2024, notificada el mismo día, el Tribunal de Primera Instancia emitió *Orden* denegando la solicitud.[16]

Aún en desacuerdo, los peticionarios presentaron el recurso cuya revisión nos atiene, donde esgrimieron los siguientes señalamientos de error:

> PRIMER ERROR: ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL DISPONER QUE NO PROCEDÍA LA EXTENSIÓN DEL DESCUBRIMIENTO DE PRUEBA QUE HABÍA CONCLUIDO EL 7 DE OCTUBRE DE 2024.
>
> SEGUNDO ERROR: ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL NO IMPONER MEDIDAS MENOS ONEROSAS A LA PARTE DEMANDANTE-RECURRENTE DE ENTENDER QUE NO SE HABÍA CUMPLIDO CON LAS ÓRDENES DEL TRIBUNAL Y AL DISPONER COMO MEDIDA EXTREMA EL CIERRE DEL DESCUBRIMIENTO DE PRUEBA.
>
> TERCER ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL NO RE-ABRIR EL DESCUBRIMIENTO DE PRUEBA DE MANERA LIMITADA Y SUJETA A LA SOLICITUD DE ÓRDENES PRESENTADA EL 18 DE JULIO DE 2024 POR LA PARTE DEMANDANTE-RECURRENTE.
>
> CUARTO ERROR: ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL NO CONCEDER LAS ÓRDENES SOLICITADAS POR LA PARTE RECURRENTE EN SUS

---

[15] *Íd.*, págs. 3-10.

[16] *Íd.*, pág. 2. Cabe señalar que, el mismo día, la Secretaría del Tribunal emitió una notificación enmendada, a los fines de incluir a una de las partes en la notificación. Véase, apéndice del recurso de *certiorari*, pág. 1.

MOCIONES DEL 18 DE JULIO DE 2024 Y 27 DE AGOSTO DE 2024 CONTRA LOS CO-DEMANDADOS-RECURRIDOS.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta.[17]

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[18]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[17] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

[18] Véase también, *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos

esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Manejo de Sala

Como es sabido, nuestra más Alta Curia ha reconocido que, los foros de instancia gozan de amplia discreción en la tramitación

de los casos ante su consideración, de manera que, se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v. ELA,* 142 DPR 117, 139 (1996); *Molina v. Supermercado Amigo, Inc.,* 119 DPR 330, 337 (1987). Conforme a ello, con el propósito de mantener un funcionamiento efectivo de nuestro sistema judicial, y de que se dispongan los asuntos litigiosos de forma rápida, es necesario que los juzgadores de instancia ostenten "gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". *In re Collazo I,* 159 DPR 141, 150 (2003). Ello implica que, estos deberán gozar de poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar aquellos correctivos apropiados, de acuerdo a su buen juicio. *Colón y otros v. Frito Lays*, 186 DPR 135, 150 (2012). En virtud de estos poderes, los foros de instancias tienen disponibles múltiples mecanismos procesales para asegurar y mantener el orden de los procedimientos que atienden, para hacer cumplir sus órdenes y para realizar cualquier acto necesario para cumplir a cabalidad sus funciones. *In re Collazo I,* supra, pág. 151; *ELA v. Asoc. de Auditores*, 147 DPR 669, 681 (1999).

Nuestra última instancia judicial ha señalado que, "[e]specíficamente, la discreción ha de ceder en las circunstancias en las que se configura: un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación." *BPPR v. SLG Gómez-López,* 2023 TSPR 145, 213 DPR ____ (2023).

No obstante, "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Empero, no [hay] duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad". *SLG Zapata-Rivera v.*

*J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Es por lo que, nuestra más Alta Curia ha definido la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". (Citas omitidas). *SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 435.

Si la actuación del tribunal de instancia no se encuentra desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, prevalecerá el criterio del juzgador de hechos a quien le corresponde la administración del proceso para disponer de los procedimientos ante su consideración. *Sierra v. Tribunal Superior,* 81 DPR 554, 574 (1959).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Como tribunal apelativo, en primer lugar, nos encontramos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado ante nos. Por ello, en el caso de marras, nos corresponde determinar en primera instancia, si los promoventes del recurso han planteado un asunto comprendido en alguna de las excepciones de la Regla 52.1 de Procedimiento Civil, *supra.* Veamos.

Conforme surge, en su recurso, los peticionarios esgrimen cuatro (4) señalamientos de error relacionados al descubrimiento de prueba en el caso. Tal asunto, se refiere estrictamente al manejo del caso del Tribunal de Primera Instancia. De manera que, el mismo no se encuentra incluido dentro de los asuntos comprendidos en alguna de las excepciones que dispone la Regla 52.1, *supra.*

Así pues, luego de evaluar detenidamente el recurso presentado por los peticionarios, colegimos que no procede la expedición del mismo. Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, los peticionarios tampoco han logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia.[19]

**IV**

Por los fundamentos que anteceden, se desestima el recurso de *Certiorari* al no satisfacer los criterios establecidos en la Regla 52.1 de Procedimiento Civil.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[19] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*