ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| MUNICIPIO DE JUANA DÍAZ<br><br>Recurrida<br><br>v.<br><br>MULTINATIONAL INSURANCE COMPANY; PR DISPOSAL 4 CONTRACTOR, LLC<br><br>Peticionarios | KLCE202500412 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Juana Díaz<br><br>Caso Núm.: JD2024CV00285<br><br>Sobre: Incumplimiento de contrato; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de junio de 2025.

Compareció la peticionaria, PR Disposal 4 Contractor, LLC (en adelante, "PR Disposal" o "peticionaria"), mediante un recurso de *Certiorari* presentado el 15 de abril de 2025. Nos solicitó la revocación de la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Juana Díaz (en adelante, "foro primario" o "foro recurrido") el 19 de marzo de 2025 y notificada al día siguiente. En esa *Resolución Interlocutoria,* el foro primario declaró no ha lugar la *Solicitud de Desestimación* de la demanda por esta dejar de exponer una reclamación que justifique la concesión de un remedio.

Por los fundamentos que expondremos a continuación, se **deniega la expedición** del auto de *Certiorari*.

**-I-**

---

[1] Mediante la Orden Administrativa DJ 2024-062C emitida el 6 de mayo de 2025, se enmendó la constitución de los paneles del Tribunal de Apelaciones.

Número Identificador
RES2025_____

El 22 de mayo de 2024, el Municipio de Juana Díaz (en adelante, "Municipio" o "recurrido") presentó una *Demanda Enmendada* sobre incumplimiento de contrato y daños y perjuicios contra Multinational Insurance Company (en adelante, "Multinational") y PR Disposal.[2] Alegó que, el 15 de junio de 2022, contrató a PR Disposal para que esta asfaltara varios sectores del Municipio. Entonces, expresó que Multinational otorgó una fianza de cumplimiento donde se obligó solidariamente a realizar los trabajos si PR Disposal incumpliese. El Municipio arguyó que PR Disposal incumplió con el acuerdo debido a que no asfaltó un sector antes del vencimiento del plazo. Debido a ello, el Municipio expuso que, el 16 de marzo de 2023, le notificó a PR Disposal que lo había declarado en incumplimiento y que, el 29 de junio de 2023, le informó a Multinational sobre esto, requiriéndole que culminara los trabajos que su fiado no concluyó. Razonó además que Multinational y PR Disposal incumplieron con sus obligaciones injustificadamente, de manera dolosa y de mala fe, y que Multinational faltó a sus obligaciones como fiadora. Por todo esto, el Municipio le solicitó al foro recurrido que le ordenara a Multinational y PR Disposal a cumplir con sus respectivas obligaciones y que los condenase solidariamente a satisfacer una penalidad acumulada que ascendía a $65,700.00 para el 20 de agosto de 2024. En la alternativa, le pidió al foro primario que, de estos negarse a cumplir con sus obligaciones, abonaran la cantidad para realizar las labores, la cual estimó en $60,000.00, añadida a la penalidad acumulada mencionada y los intereses a razón de 9.5%, y las costas y los honorarios de abogados, valorados en $5,000.00.

Tras varios trámites procesales, el 21 de febrero de 2025, PR Disposal presentó una *Solicitud de Desestimación.*[3] En síntesis,

---

[2] Apéndice de la peticionaria, anejo I, págs. 1-4.
[3] *Íd.*, anejo III, págs. 8-12.

argumentó que la causa de acción no justificaba la concesión de un remedio, por lo cual procedía la desestimación de la *Demanda Enmendada* bajo el inciso 5 de la Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

En consecuencia, el Municipio presentó una *Oposición a Moción de Desestimación* el 18 de marzo de 2025.[4] En resumen, alegó que la fecha acordada para terminar los trabajos era el 30 de septiembre de 2022; PR Disposal no logró concluir la obra en el tiempo establecido y el Municipio la declaró en incumplimiento en marzo de 2023. Expuso que, como ninguno de los recurridos terminó el trabajo, se vio obligado a proceder con la causa de acción. Además, el Municipio sostuvo que la moción de desestimación no procedía por dos razones, a saber: (1) no era realmente una desestimación, sino que una moción de sentencia sumaria que incumplía crasamente con los requerimientos establecidos, y (2) en la moción, PR Disposal reconoció su incumplimiento al no culminar las labores dentro del plazo pactado.

Luego de evaluar las mociones antes señaladas, el foro primario declaró no ha lugar a la solicitud de desestimación de la causa de acción por no justificarse la concesión de un remedio.[5] En particular, determinó que "la parte demandada no sati[s]fizo dicho criterio de prueba [demostrar certeramente que no se tiene derecho a un remedio]; tampoco el criterio de forma para ser considerada como una solicitud de sentencia sumaria".[6]

Inconforme, PR Disposal acudió ante este Tribunal mediante el recurso de epígrafe, en el cual señaló los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al proveer no ha lugar la solicitud de desestimación presentada por PR Disposal 4 Contractor, LLC, cuando el Municipio de Juana Díaz fue la causante directa de que no se culminara la obra.

---

[4] *Íd.*, anejo IV, págs. 16-18.
[5] *Íd.*, anejo II, págs. 5-7.
[6] *Íd.*, pág. 6.

Erró el Honorable Tribunal de Primera Instancia al proveer no ha lugar la solicitud de desestimación presentada por PR Disposal 4 Contractor, LLC, cuando el Municipio de Juana Díaz no se opuso a la solicitud de desestimación conforme la regla 10.2 de Procedimiento Civil.

Por su parte, el 16 de mayo de 2025, el Municipio acudió ante nos y presentó su *Alegato del Recurrido Municipio de Juana Díaz*.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra*,* pág. 847.

En específico, la Regla 52.1 de las de Procedimiento Civil dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de las de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La referida regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari,* como sigue:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor solo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que estos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**B. Desestimación bajo la Regla 10.2 (5) de Procedimiento Civil**

La Regla 10.2 de las de Procedimiento Civil autoriza al demandado –ya sea en una demanda, reconvención, demanda contra coparte o demanda contra tercero– a presentar una moción de desestimación debidamente fundamentada a esos fines. 32 LPRA Ap. V, R. 10.2. En particular, la precitada regla reconoce los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. *Blassino, Reyes v. Reyes Blassino*, 2024 TSPR 93, 214 DPR ___ (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022).

En síntesis, el demandado que formula una moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil, *supra*, hace el siguiente planteamiento:

> **"Yo acepto para los propósitos de mi moción de desestimación que todo lo que se dicte en esta demanda es cierto, pero aun así**, no aduce una reclamación que justifique la concesión de un remedio, o no se ha unido una parte indispensable, o el tribunal no tiene jurisdicción, etc."
> Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido.

R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., Lexis Nexis, 2010, pág. 269. (Citas omitidas) (Énfasis suplido).

Como regla general, el tribunal, al momento de adjudicar una moción desestimación bajo la precitada disposición legal, lo hace a

base de lo expuesto en la alegación contra la cual se dirige. *Íd.* No obstante, si se alega falta de jurisdicción sobre la persona, el juez podrá:

> (1) evaluar la moción tomando en consideración s[o]lo las alegaciones de la demanda, o (2) analizar los documentos y declaraciones juradas, si alguno, conjuntamente con las alegaciones y los documentos y contradeclaraciones juradas que presente el demandante en su oposición, o (3) señalar una vista evidenciaria, o (4) posponer la decisión para después de la vista en su fondo.

*Íd.* Véase, además, *Trans-Oceanic life ins. v. Oracle Corp.,* 184 DPR 689, 706 (2012); *Molina v. Supermercado Amigo, Inc.,* 119 DPR 330, 338 (1987).

Sin embargo, el tribunal tiene gran discreción para seleccionar una de las cuatro alternativas antes esbozadas. *Molina v. Supermercado*, supra, pág. 337. Ahora bien, si el juez decide evaluar la moción de desestimación a base de las alegaciones, deberá tomar como ciertos los hechos bien alegados. R. Hernández Colón, *op. cit.,* pág. 270. Es decir, si los hechos no están bien alegados y las conclusiones de derecho en las alegaciones, estos no deben ser considerados por el tribunal. *Íd.*

En relación con el quinto inciso de esta Regla, sobre el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, el Tribunal Supremo ha expuesto lo siguiente:

> Al resolver una moción de desestimación por este fundamento, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. Ante una moción de desestimación, las alegaciones hechas en la demanda hay que interpretarlas de forma conjunta, liberal y lo más favorable posible para la parte demandante. La demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar. Debemos considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". Tampoco procede la desestimación de una demanda si es susceptible de ser enmendada.

*Colón v. Lotería*, 167 DPR 625, 649 (2006) (notas al calce omitidas).

Por último, la Regla 10.2 de las de Procedimiento Civil, *supra,* puntualiza sobre su quinto inciso que:

> Si en una moción en que se formula la defensa número (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción **deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final**, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla. *Íd.* (Énfasis suplido).

Es decir, el promovente de una moción bajo el quinto inciso de la Regla 10.2 de las de Procedimiento Civil, *supra,* que impugne o derrote la veracidad de los hechos deberá cumplir con todos los requisitos de la solicitud de sentencia sumaria para que esta sea considerada por el tribunal. *Íd.,* R. 10.2 y R. 36.3; véase *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).

**C. Sentencia Sumaria**

La Regla 36 de las de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 36 instituye el mecanismo de sentencia sumaria a nuestro ordenamiento jurídico. En particular, su función es permitir que cualquiera de las partes pueda mostrar, previo al juicio, que no existe una controversia material de hecho que deba ser dirimida en un juicio plenario; y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. *Íd.,* R. 36.1-36.2; *Rodríguez Méndez v. Laser Eye,* 195 DPR 769, 784-785 (2016).

En ese sentido, la parte promovente de la solicitud debe demostrar la inexistencia de una controversia de hecho material por medio de una moción fundamentada, mientras que la parte promovida debe demostrar que existe controversia de algún hecho material sobre la totalidad o parte de la causa de acción. *Rodríguez Méndez v. Laser Eye,* supra, pág. 785. Además, la parte promovida no puede descansar en meras afirmaciones contenidas en sus alegaciones ni tomar una actitud pasiva, sino que está obligada a presentar evidencia que demuestre la existencia de controversia sustancial de hechos. *Íd.* Sin embargo, ninguna de las partes puede enmendar sus alegaciones a través de la presentación de una

sentencia sumaria o su oposición. *León Torres v. Rivera Lebrón*, 204 DPR 20, 47 (2020).

Así pues, para que el tribunal pueda adjudicar en los méritos una controversia de forma sumaria, es necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y cualquier otra evidencia ofrecida, surja que no hay controversia real o sustancial en cuanto a algún hecho esencial y pertinente, y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente. 32 LPRA Ap. V, R. 36.3(e).

Los hechos esenciales y pertinentes, también conocidos como hechos materiales, son aquellos que pueden afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023). Por lo tanto, el tribunal solo podrá dictar sentencia sumaria en los casos en los cuales tenga ante su consideración todos los hechos materiales para resolver la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. *Íd.*

Conviene destacar que el Tribunal Supremo ha dispuesto que el foro apelativo se encuentra en igual posición que el Tribunal de Primera Instancia para evaluar la procedencia de una solicitud de sentencia sumaria. *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1025 (2020). *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 115 (2015). Además, el Alto Foro estableció el estándar específico de revisión que debe utilizar el Tribunal de Apelaciones, a saber: (1) examinar de *novo* el expediente de la manera más favorable a favor de la parte promovida y aplicar las disposiciones de la Regla 36 de las de Procedimiento Civil, *supra* como su jurisprudencia interpretativa; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma instituidos en la Regla 36.4 de las de Procedimiento Civil, *supra;* (3) verificar si en realidad

existen hechos materiales en controversia y, de haberlos, exponer concretamente los hechos materiales controvertidos e incontrovertidos, y (4) de encontrar que los hechos materiales realmente son incontrovertidos, debe proceder a revisar *de novo* si el foro primario aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas,* supra, págs. 117-119. Además, el foro apelativo está limitado en su revisión a lo siguiente:

> *[P]rimero*, s[o]lo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación *exhibit*[s], deposiciones o affidávit[s] que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. *Segundo*, el tribunal apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales y esenciales en disputa. Esa tarea le corresponde al foro de primera instancia. *Íd.,* pág. 114-115.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

De entrada, puntualizamos que, en la medida en que el recurso de epígrafe versa sobre la denegatoria de una moción de carácter dispositivo, tenemos facultad en ley para atenderlo, a tenor con la Regla 52.1 de las de Procedimiento Civil, *supra.*

En el presente caso, la peticionaria argumentó que el foro primario incidió al denegar la desestimación del pleito por la demanda no justificar la concesión de un remedio, de acuerdo con la Regla 10.2 de las de Procedimiento Civil. En síntesis, alegó que no procede la reclamación porque no ha tenido la intención de incumplir con el pacto y porque el que le impidió cumplir con sus obligaciones posterior al accidente de su empleado fue el Municipio.

Sin embargo, tras examinar con detenimiento los autos de epígrafe, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el foro primario. Al revisar

la *Demanda Enmendada,* se puede notar que el Municipio alegó un incumplimiento contractual por parte de Multinational y PR Disposal y reclamó un pago de las penalidades acumuladas y el cumplimiento específico o el resarcimiento del costo que implicaría terminar la obra. Por ello, luego de examinada la oposición, el foro recurrido, en su *Resolución Interlocutoria,* enfatizó que los recurrentes no demostraron que el Municipio no tuviera derecho a la concesión de un remedio si se toman como ciertas las alegaciones de la demanda. Véase Apéndice de la peticionaria, anejo II, págs. 6-7. Además, puntualizó que no se cumplían los requisitos para que la moción de desestimación presentada por PR Disposal se considerara como una solicitud de sentencia sumaria. *Íd.*

Entonces, este Tribunal debe evaluar si la *Solicitud de Desestimación* presentada por PR Disposal cumple con los requisitos de forma que exige la Regla 36.3 de las de Procedimiento Civil, *supra* sobre la moción de sentencia sumaria. Además, debemos justipreciar si existe una controversia de hechos que impida la resolución sumaria del asunto. De ser así, procederemos a señalar aquellos hechos que encontramos que están en controversia. De responder en la negativa, corresponde revisar *de novo* si el foro primario aplicó adecuadamente la norma jurídica pertinente a la controversia. Veamos.

Realizado tal examen, concluimos que, en efecto, PR Disposal *no* dio cumplimiento a los requisitos de forma establecidos por nuestras reglas. Alcanzamos tal conclusión al observar que, en su *Solicitud de Desestimación* bajo la Regla 10.2 (5) de las de Procedimiento Civil, *supra,* la peticionaria no incluyó una relación enumerada de todos los hechos esenciales y pertinentes sobre los cuales alegó que no existía controversia sustancial. Apéndice de la peticionaria, anejo III, págs. 8-15. Además, no estableció la relación de estos hechos con aquella evidencia que sometió en su apoyo. PR

Disposal tampoco argumentó por qué la *Demanda Enmendada* debía ser desestimada debido a que no se desprendía de ella una causa de acción que justificara la concesión de un remedio. La peticionaria se limitó a argüir que su incumplimiento con el plazo acordado se produjo por un accidente que tuvo un empleado suyo, que el Municipio no le permitió concluir la obra posteriormente y que no tenía la intención de infringir lo pactado. Es decir, no señaló que el Municipio no tuviese un remedio en derecho si se tomasen como ciertos los hechos bien alegados en la demanda. Esto apunta hacia asuntos litigiosos que deben ser resueltos por el foro recurrido: aunque hay un incumplimiento, el origen y forma en que este se desenvolvió está en disputa. Asimismo, debemos recalcar que, el incumplir con los requisitos de forma establecidos en nuestro ordenamiento permite que el petitorio *sea rechazado de plano*.

Por tanto, entendemos que el foro *a quo* no incurrió en error de derecho ni abuso de discreción que, de no atenderse por este tribunal revisor, resultaría en un irremediable fracaso a la justicia.

Por último, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento. En fin, no encontramos razones para expedir el auto y revisar la resolución recurrida.

**-IV-**

Por los fundamentos expuestos, se **deniega expedir** el auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones