Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JOSÉ V. ARROYO PADILLA<br><br>Demandante - Apelante<br><br>v.<br><br>BUSINESS TO BUSINESS PROPERTY MANAGEMENT INC. Y OTROS<br><br>Demandada - Apelada | TA2025AP00303 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso núm.:<br>SJ2024CV05198 (808)<br><br>Sobre:<br>Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de octubre de 2025.

El Tribunal de Primera Instancia ("TPI") desestimó, sin perjuicio, una reclamación de daños en contra de una de las partes demandadas. Según explicamos en detalle a continuación, se confirma el dictamen apelado porque, al tratarse de una reclamación con un núcleo de hechos distinto al de las reclamaciones contra las demás partes, el TPI podía válidamente determinar que la misma debía atenderse en una acción separada.

I.

En junio de 2024, el Sr. José V. Arroyo Padilla (el "Demandante") presentó la acción de referencia, sobre sobre daños y perjuicios (la "Demanda"), en contra de la Junta de Directores del Condominio Montesol (la "Junta"), Business to Business Property Management Inc. (la "Administradora"), el Sr. Fravier González González (el "Primer Titular"), el Dr. Ricardo Villalobos González (el "Segundo Titular"), la Sa. Sharisse González (la "Arrendataria"), los

correspondientes cónyuges y sociedades de gananciales y varias aseguradoras[1].

El Demandante alegó que el Primer Titular es dueño del apartamento 301 del condominio Montesol (el "Condominio"); reclamó que este cortó un árbol y "llevó a cabo una construcción", lo cual alegó le causó daños.

Por otra parte, el Demandante también alegó que una tubería comunal del Condominio le ha causado "inundaciones en área del *laundry*".

Finalmente, el Demandante alegó que la Arrendataria "lleva a cabo un negocio de estética" en el apartamento 101, el cual le alquila al Segundo Titular, y que ello le causa daños, por un "olor sumamente fuerte que afecta[] el ambiente".

En cuanto a la Administradora, la Junta y el Consejo, el Demandante reclama que estos han sido negligentes al no haber tomado las medidas necesarias para evitar o resolver las situaciones anteriormente alegadas.

En octubre de 2024, el TPI emitió una Sentencia Parcial mediante la cual desestimó la Demanda, sin perjuicio, en cuanto al Primer Titular y el Segundo Titular (y su cónyuge), por no haberse diligenciado los emplazamientos en el término correspondiente.

Por su parte, la Arrendataria contestó la Demanda y reconvino. El Demandante contestó la reconvención.

El 2 de junio de 2025, la Arrendataria presentó una *Moción en Solicitud de Desestimación* (la "Moción"). Planteó que el Demandante acumuló indebidamente varias causas de acción que no están relacionadas entre sí. Señaló que, aunque la Regla 38.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 38.1, permite la consolidación de causas de acción, ello solo procede cuando se trata

---

[1] La Demanda fue luego enmendada con el fin de añadir como parte demandada al Consejo de Titulares del Condominio Montesol (el "Consejo").

de cuestiones comunes de hechos o de derecho, lo cual no ocurre aquí entre la causa de acción en su contra y las otras reclamaciones de la Demanda.

El Demandante se opuso a la Moción; arguyó que el TPI tenía la facultad discrecional para mantener el pleito de autos según presentado.

El 1 de julio, el TPI notificó una *Sentencia Parcial* (la "Sentencia") mediante la cual acogió los fundamentos expuestos en la Moción, y así ordeno el cierre y archivo, sin perjuicio, de la reclamación en contra de la Arrendataria. El TPI aseveró que el Demandante debía instar una acción independiente y separada contra la Arrendataria.

El 15 de julio, el Demandante solicitó la reconsideración de la Sentencia, lo cual fue denegado por el TPI mediante una Resolución notificada el 1 de agosto.

Aún inconforme, el 30 de agosto, el Demandante presentó el recurso que nos ocupa. Arguye que "no se requiere que tanto las cuestiones de hecho como de derecho sean comunes para que sean consolidadas y que no es un requisito indispensable para conseguir una consolidación que las acciones sean de igual naturaleza". Subraya que "todas las causas de acción incluidas en la demanda tienen dos denominadores en común" (el Condominio y la Administradora) por estos "permitir eventos y/o condiciones que afectaron la convivencia y salud del apelante en el condominio". El Demandante también plantea que la Moción se presentó de forma tardía y que no se debió fraccionar la reconvención de la Arrendataria de la reclamación en contra de ella. La Arrendataria presentó su alegato en oposición. Resolvemos.

II.

Nuestro "ordenamiento procesal civil procura fundamentalmente facilitar los trámites ante los tribunales en

términos de costos y tiempo, de modo que garantice a todos los ciudadanos del país un acceso efectivo a la justicia". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil*, 7a ed. rev., San Juan, Ed. Lexis Nexis de Puerto Rico, 2017, pág. 1, citando a *Nazario Morales v. A.E.E.*, 172 DPR 649 (2007). Con miras a cumplir el aludido propósito, las Reglas de Procedimiento Civil, supra, incluyen varios mecanismos para aliviar la carga de los tribunales, agilizar los procedimientos y lograr la justicia de manera más eficiente.

En lo concerniente al caso de referencia, la Regla 14.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 14.1, permite que una parte acumule en un procedimiento "tantas reclamaciones independientes o alternativas como tenga contra la parte adversa." De igual modo, la Regla 17.1 del referido cuerpo de normas procesales, 32 LPRA Ap. V, R. 17.1, contempla la acumulación en un pleito de aquellos demandantes o demandados cuyas reclamaciones estén relacionadas entre sí. Por su parte, la Regla 16 de Procedimiento Civil, 32 LPRA Ap. V, R. 16, reglamenta lo concerniente a la acumulación de partes indispensables en un pleito (aquella persona que tiene un interés común en la controversia y sin cuya presencia no puede adjudicarse).

Por su parte, la Regla 38.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R.38.2, provee para la celebración de juicios por separado respecto a reclamaciones que son parte de una misma acción judicial. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Tomo I, Publicaciones JTS, 2000, a la pág. 634. La precitada Regla 38.2 establece lo siguiente:

> Regla 38.2. Juicios por separado
> El tribunal, por razón de conveniencia, para evitar perjuicio, para evitar gastos innecesarios o para facilitar la más pronta terminación del litigio, podrá ordenar un juicio por separado de cualesquiera demandas, demandas contra coparte, reconvenciones, demandas contra tercero o de cualesquiera cuestiones litigiosas

independientes, y podrá dictar sentencia de acuerdo con lo dispuesto en la Regla 42.3.

El propósito primordial de esta regla es simplificar y aligerar la adjudicación de los casos. *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992). Al momento de dirimir sobre la procedencia de un juicio por separado de alguna reclamación, los tribunales deben sopesar factores tales como: 1) si resolver la controversia dispondría del caso o de una parte sustancial del mismo; 2) si la prueba para resolver una controversia es independiente a la de los demás asuntos; 3) si la controversia o la prueba necesaria para adjudicar algunas de esas controversias están muy relacionadas entre sí; 4) si el procedimiento al separarse las controversias resulta más rápido o económico según la experiencia general. *Íd.*; *Vellón v. Squibb Mfg., Inc.*, 117 DPR 838, 859 (1986).

Finalmente, la norma es que el TPI goza de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. *In re Collazo I*, 159 DPR 141, 150 (2003); *Vives Vázquez u. E.L.A.*, 142 DPR 117, 141-142 (1996); *Molina Avilés v. Supermercado Amigo, Inc.*, 119 DPR 330, 337 (1987). La marcha efectiva de nuestro sistema judicial y la más rápida resolución de los asuntos litigiosos requieren que el TPI tenga gran flexibilidad y discreción para trabajar con el diario manejo y tramitación de los asuntos judiciales. *In re Collazo I, supra*; *Pueblo v. Vega, Jiménez*, 121 DPR 282, 287 (1988).

## III.

Luego de revisar detenidamente el expediente del caso, concluimos que el TPI no cometió error de derecho alguno al desestimar la reclamación contra la Arrendataria y que, al así actuar, tampoco abusó de su discreción.

De la faz de la Demanda surge que la reclamación contra la Arrendataria (relacionada con un supuesto negocio de estética) en nada se relaciona a las demás reclamaciones, las cuales tiene que ver con situaciones relacionadas con otro apartamento (una construcción y un árbol) y con una tubería comunal del Condominio. Es decir, la reclamación contra la Arrendataria no surge de los mismos hechos objeto de, ni guarda relación alguna con, las otras reclamaciones. La prueba para adjudicar la reclamación en contra de la Arrendataria no está relacionada con la prueba necesaria para resolver esas otras controversias. Aunque el Demandante le reclama al Condominio y a la Administradora por negligencia en cuanto a todas las reclamaciones, ello no altera el hecho de que se trata de núcleos de hechos totalmente distintos.

Por tanto, el TPI válidamente podía concluir que obligar a la Arrendataria a permanecer en el caso, y así defenderse de su reclamación, a la misma vez que se ventilan reclamaciones totalmente diferentes, no es ni adecuado ni necesario, y que ello entorpecería la pronta solución de cada conjunto de reclamaciones. Mantener a la Arrendataria en este caso no fomenta el principio cardinal de nuestro ordenamiento procesal civil, según expresado en la Regla 1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 1, en cuanto a garantizar una solución justa, rápida y económica de los casos.

Ahora bien, tiene razón el Demandante al plantear que, al disponer que la reclamación contra la Arrendataria debía verse en una acción separada, igualmente, y por las mismas razones de eficiencia procesal, el TPI también debió desestimar la reconvención de la Arrendataria, para que esta reclamación, íntimamente relacionada con la reclamación del Demandante en contra de la Arrendataria, también se ventile en una acción separada.

IV.

Por los fundamentos que anteceden, se modifica la *Sentencia Parcial* apelada únicamente a los fines de disponer que se desestima, sin perjuicio, la reconvención instada por la Sa. Sharisse Flores en contra del Sr. José V. Arroyo Padilla y, así modificada, se confirma la misma.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones